UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony A. Cooper, ) | C/A No.3:16-1606-TLW-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Richland County Recreation Commission; ) | |
| and James Brown III; David Stringer; and ) | |
| Tara Dickerson in their individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action in state court bringing common-law defamation and civil conspiracy causes of action against the following Defendants: his employer, Richland County Recreation Commission ("RCRC"); RCRC Executive Director James Brown III ("Brown"); RCRC Division Head of Human Resources, David Stringer ("Stringer"); and RCRC Chief of Staff, Tara Dickerson ("Dickerson"). Comp., ECF No. 1-1; Richland Cnty. Ct. Common Pleas Case No. 2016-CP-40-2552. Defendants removed this action on May 18, 2016, on grounds that this court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Notice of Removal 2-3, ECF No. 1. This matter is before the court on Plaintiff's Motion to Remand, ECF No. 7, to which Defendants responded, ECF No. 10, and Plaintiff replied, ECF No. 16. Also pending is Defendants' Motion to Dismiss. ECF No. 5. The court agreed to hold Plaintiff's deadline for responding to the Motion to Dismiss in abeyance pending the district court's ruling on the remand motion. ECF No. 12. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. §

636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).[1] Having reviewed the pleadings, including Defendants' removal documents, and the memoranda of the parties supporting and opposing the Motion to Remand, the undersigned recommends Plaintiff's Motion to Remand, ECF No. 7, be *granted*. In the event the district court adopts this recommendation, Defendants' Motion to Dismiss may be considered by the state court.

I.    Background

Plaintiff, who is Director of Procurement for RCRC, brings his defamation cause of action against RCRC and Director Brown; his civil conspiracy claim is pleaded against Brown, Stringer, and Dickerson (collectively, the "Individual Defendants"). These claims are based on alleged actions that took place in connection with Plaintiff's RCRC employment. Plaintiff filed his Complaint in state court on April 20, 2016.

Not referenced in Plaintiff's Complaint but figuring prominently in Defendants' Notice of Removal, Plaintiff also filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SHAC") and the federal Equal Employment Opportunity Commission ("EEOC")

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, regarding remand. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

[hereinafter, the "Charge"]. Plaintiff signed the Charge on March 11, 2016. *See* ex. B to Notice of Removal, ECF No. 1-2. Plaintiff acknowledges having filed the Charge and does not object to having the Charge considered in ruling on the Motion to Remand. *See BGC Partners Inc. v. Avison Young (Canada) Inc.*, No. 2:15-cv-02057-DCN, 2015 WL 7458593, at *1 n.2 (D.S.C. Nov. 24, 2015) ("On a motion to remand for lack of subject matter jurisdiction, the court may consider materials outside of the complaint including 'documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis' and may assume the truth of facts raised in the complaint that are non-jurisdictional.") (citation omitted).

Plaintiff characterizes the Charge as having been filed so that "SHAC and the EEOC could "investigate claims of retaliation and discrimination[.]" Pl.'s Mem. 4. Plaintiff further notes that the claims are "still under investigation and neither entity has issued a right to sue and the Plaintiff has not pled claims of federal discrimination." *Id.* at 3-4.[2]

II.     Analysis

Plaintiff seeks remand to the Richland County Court of Common Pleas, arguing there is no basis for federal jurisdiction because only state-law relief is sought. Federal courts are courts of limited jurisdiction. A defendant in a case in a state court may remove that case to a federal district court only if the state court action could have been originally filed in a federal district court. 28 U.S.C. § 1441(a) (A civil action may be removed from state court only if the case involves matters over which "the district courts of the United States have original jurisdiction . . . ."). Generally, a case can be originally filed in a federal district court if there is diversity of citizenship and over $75,000 at issue under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331, which vests the district courts with original jurisdiction "of all civil actions

---

[2] Plaintiff made this statement in his May 27, 2016 Motion to Remand. To date, neither party has advised the court otherwise.

arising under the Constitution, laws, or treaties of the United States." Title 28, United States Code § 1447(c) governs the remand to state court of removed actions, and provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). "In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).

Defendants removed this action on the basis of federal-question jurisdiction.[3] In the Notice of Removal, Defendants submit federal-question removal is proper "because Plaintiff has alleged that Defendants retaliated against him in violation of Title VII of the Civil Rights Act of 1964, and 29 C.F.R. § 1604.11 (2006). (*See, e.g.,* Complaint, ¶¶ 7, 10-12, 14, 16-20, 22)." Notice of Removal 2. Defendants incorporate Plaintiff's March 2016 Charge, noting it was filed before the Complaint, and indicating the Charge alleges "race, age and retaliation claims on the same basis, and based on federal discrimination statutes." *Id.* (citing *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091 (4th Cir. 1982)); *see also* Charge, ECF No. 1-2.

In seeking remand, Plaintiff looks to the so-called well-pleaded complaint rule, which provides that federal-question jurisdiction is present only if presented on the face of a properly pleaded complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the *Caterpillar* Court noted, this rule "makes the plaintiff the master of the claim; he or she may avoid federal

---

[3] All parties are citizens of South Carolina, and no one argues that diversity-of-citizenship jurisdiction exists.

jurisdiction by exclusive reliance on state law." *Id.* In seeking remand, Plaintiff also advises the court that he "preserves and in no way waives his right to file claims of discrimination or retaliation under Title VII or [SCHAL] or other laws," after exhausting administrative remedies, but notes he has not raised such claims at this time. Pl.'s Mem. 5. Plaintiff indicates that, once administrative remedies have been exhausted, he "may choose [] to proceed under SCHAL or Title VII and he may choose to file a separate lawsuit or amend the present action." *Id.* Because his current claims as pleaded do not give rise to federal-question jurisdiction and the allegations do not "depend on a substantial question of federal law[,]" Plaintiff submits he is entitled to remand. *Id.*

In defending the removal, Defendants do not argue that the Complaint actually contains causes of action based on federal law. Rather, they quote paragraphs 7, 10, 14, 17, 20, and 22 of the Complaint, submitting these allegations of "purported discrimination" are "virtually identical" to those set out in the Charge. Defs.' Mem. 1-3. The quoted portion of the Complaint provides as follows:

> 7. The Plaintiff, an African-American Male, has been employed by RCRC since 1996 and currently serves as the Director of Procurement for RCRC.
>
> 10. In the past, Defendant Brown has threatened the Plaintiff with termination and exhibited animosity towards the Plaintiff on several occasions. For example, Brown made sexual advances towards the Plaintiffs wife and then accused Plaintiff of spreading rumors about this incident . . . .
>
> 14. Based on information and belief, Defendant Brown made comments in or around November or December 2015 to other RCRC personnel and others that Defendant Brown was going to terminate the Plaintiff as soon as the Bond projects are completed and that Plaintiff does not favor black people and is an "undercover white boy" and a "house n*****."
>
> 17. Brown, talking to several individuals about Ms. Dickerson being appointed Chief of Staff, said that Green told him words to the effect that "black people don't listen to black people" and that he needs a white face to "crack the whip" on the black people.

5

20. The defendant Brown with support from board members as well as Stringer and Dickerson have created and fostered a manifestly hostile environment at [RCRC] through bullying, threats, and intimidation as well as erratic and unpredictable behavior to the point that the entire operation of the Recreation Commission is in jeopardy and immediate changes are needed by the Richland County legislative delegation and the Recreation Commission Board if the same is to survive and to carry on its proper mission in caring for the recreational needs of the citizens of this county. Both the board and the delegation are aware of the discord, rancor, and hostile and abusive treatment that the top level managers of the agency, including the plaintiff, constantly receive in trying to carry out the performance of their jobs.

22. The Defendant RCRC and Defendant Brown falsely accused the Plaintiff of being an "undercover white boy" and "house n****" and other similar defamatory comments. . . .

Excerpts of Compl. as set out in Defs.' Mem. 1-2.

Based on this language in the Complaint and the allegations in the Charge, Defendants argue this court has federal-question jurisdiction. Claiming the Complaint is "loaded with claims of alleged harassment, discrimination, and retaliation that are the same claims" as in the EEOC charge, Defendants argue that "[o]nce a lawsuit is filed, court jurisdiction is with the federal courts." Defs.' Mem. 3 (quoting Title VII's 42 U.S.C. § 2000e-5(f)(3) as an example). While 42 U.S.C. § 2000e-5(f)(3) does provide in part that federal courts "shall have jurisdiction of actions brought under this subchapter," Defendants fail to mention that the statutory excerpt they quote contemplates the court's jurisdiction over lawsuits begun after the EEOC charge has been dismissed and the claimant exercises his right to file suit. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1). Further, federal courts are granted jurisdiction "of actions brought under this subchapter," *id.*, which is far from a given in this instance. Defendants' general assertion, then, that federal-question jurisdiction automatically lies because an EEOC charge has been submitted and a lawsuit has been filed is not compelling. Plaintiff's filing an EEOC Charge in the same time-frame as he filed this litigation does not confer federal-question jurisdiction. As noted by another district court within the Fourth Circuit, this is so

because "Plaintiff's preliminary filing with the EEOC did not constitute a binding election to pursue federal claims." *Pendergraph v. Crown Honda-Volvo, LLC*, 104 F. Supp. 2d 586, 588 (M.D.N.C. 1999). In *Pendergraph* the court remanded a matter in which plaintiff had brought state-law-based employment-discrimination and common-law claims, rejecting the removing defendant's argument that the plaintiff's filing of an EEOC charge created federal-question jurisdiction. The court noted that Pendergraph's filing of an EEOC Charge did not cause him to forfeit his right to pursue other remedies. *See id.* Similarly, Plaintiff's filing of an EEOC Charge and a Complaint does not dictate the manner in which Plaintiff chooses to litigate against Defendants in the case at bar.

Relatedly, Defendants also submit that jurisdiction is now proper because "Plaintiff is really arguing that 180 days have not lapsed since" Plaintiff submitted the March 11, 2016 Charge to the EEOC. Defs.' Mem. 3. In this matter, the EEOC has 180 days[4] from the date Plaintiff filed his Claim to investigate the matter and determine whether to pursue the matter itself or to dismiss the claims and permit the claimant to file suit based on the discrimination claims raised in the charge. At the close of that 180-day period, a claimant should receive what is known as a "right-to-sue" letter from the EEOC. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1).

Defendants look to the Fourth Circuit's decision in *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, as support of their argument that federal-question jurisdiction is already available "where a case is held in limbo for the 180 day time period to expire." Defs.' Mem. 3. In *Perdue* the Fourth Circuit acknowledged the 180-day period during which the EEOC could determine whether to pursue or dismiss the claim as well as the statutory requirement that the EEOC issue a right-to-sue letter if "within 180 days after a charge is brought, the [EEOC] has neither filed suit in its own name nor achieved a private settlement." *Perdue*, 690 F.2d at 1093. Focusing on a different issue

---

[4] For 60 days after a charge is filed, the EEOC defers to SHAC to permit SHAC to investigate the matter if it so chooses. In this matter, the 60-day deferral period has passed.

than the one being considered here, the court reversed a district court's ruling that a claimant could not pursue federal litigation because he had never actually received a right-to-sue letter from the EEOC. The court found that a claimant's *entitlement to* such a letter, not his *actual receipt* of the right-to-sue letter is what triggered the court's jurisdiction. *Id.*

The court agrees with Plaintiff that *Perdue* does not in any way confer this court with jurisdiction over hypothetical claims that he may (or may not) raise in federal court once he receives—or, within 180 days of filing the Charge, is entitled to receive—a right-to-sue letter from the EEOC. *Perdue* involved a situation in which the EEOC and the employer had entered into a putative settlement, the settlement had not been consummated, but the EEOC had never issued a right-to-sue letter. In that case, the Fourth Circuit noted the plaintiff need not be concerned with the EEOC's "failure to perform its statutory duties." 690 F.2d at 1093 (internal citation and quotation omitted). Rather, because the court found Perdue was "entitled to" a right-to-sue letter, jurisdiction was proper even though he had never received such a letter. *Id. Perdue* did not involve a situation in which the plaintiff brought non-federal causes of action that the court determined could still be pursued in federal court because the plaintiff was entitled to a right-to-sue letter. Further, it is far from clear that Plaintiff would be "entitled to" a right-to-sue letter at this juncture. The 180 days have not passed, and the record contains no information indicating Plaintiff is currently entitled to such a letter. In fact, it remains possible that the EEOC could choose a different tact. The undersigned is of the opinion that *Perdue* does nothing to confer jurisdiction on this matter as pleaded.

Nor does Defendants' reference to a portion of the EEOC Internal Compliance Manual save their argument. *See* Defs.' Mem. 3-4 (citing a portion of EEOC Manual concerning issuance of right-to-sue letters, indicating there may be instances in which a claimant can seek and receive a

8

right-to-sue letter before the 180-day period has ended), *see* Manual, ECF No. 10-1 at 9-10. Defendants seem to cobble the general *Perdue* holding (entitlement to a right-to-sue letter is what confers jurisdiction) with the abstract point that, theoretically, Plaintiff could already be "entitled to" a right-to-sue letter from the EEOC to bolster their argument that Plaintiff has already triggered federal court jurisdiction. To the extent that Manual is properly considered here,[5] it does not change the undersigned's recommendation. The record contains no information suggesting that Plaintiff has already requested (or received) a right-to-sue letter. In other words, nothing in the record indicates Plaintiff is currently "entitled to" a right-to-sue letter. In any event, the Complaint as pleaded does not confer jurisdiction on the court. Accordingly, the entitlement to (or even the actual possession of) a right-to-sue letter, without more, does not create federal-question jurisdiction in this matter.

On its face, Plaintiff's Complaint brings only state law claims for defamation and civil conspiracy. Plaintiff is the master of his own pleading, and he has raised the state-law-based claims of defamation and civil conspiracy. While the undersigned agrees with Defendants that some allegations in Plaintiff's Complaint *could* support employment discrimination claims, those same allegations *could also* support the causes of action as pleaded. *See, e.g.,* Compl. ¶¶ 14, 22 (alleging Brown made specific derogatory comments about Plaintiff); ¶ 20 (alleging concerted behavior by the Individual Defendants).[6] Plaintiff's well-pleaded Complaint does not invoke federal jurisdiction; the undersigned recommends remand.

---

[5] Plaintiff does not specifically address this portion of Defendants' argument in Reply. The undersigned notes that Defendants have also included an excerpt from the EEOC's website for the proposition that the EEOC will "stop processing" a charge if a claimant files a lawsuit. The website excerpt seems to apply to "federal employees and applicants," ECF No. 10-2 at 2-3, making it inapplicable here. In any event, Plaintiff's Complaint does not include the federal claims referenced in the Charge.

[6] Nothing in this Report is intended as an opinion as to the potential viability of Plaintiff's claims.

9

In so recommending, the undersigned notes there are certain instances in which the "artful pleading doctrine" will prevent a plaintiff from avoiding federal-question jurisdiction by omitting necessary federal questions. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22 (1983). When, as here, state law creates Plaintiff's pleaded causes of action, federal question jurisdiction may be found to lie only if the "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law [.]" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (internal quotation and citation omitted). Here, there is no question that Plaintiff's defamation and civil-conspiracy claims can be considered without the need to resolve "a substantial question of federal law." *Id.* Remand is appropriate.

Finally, the undersigned notes Defendants' argument that to remand at this point requires that the court "engage in an essentially empty exercise of remanding the case and having Defendants turn around and remove the case again in a couple of months." Defs.' Mem. 4-5. While, eventually that may be the case, it does not confer federal jurisdiction where none currently exists. *See Lamb v. Laird*, 907 F. Supp. 1033, 1035 (S.D. Tex. 1995) ("Nor is it relevant that Defendants have concerns that Plaintiffs truly intend to pursue federal remedies, as is supposedly indicated by the inadequacy of their sexual harassment claim under the TCHRA, the issuance of a right to sue letter from the Equal Employment Opportunity Commission, and certain representations made by Plaintiffs in State Court. If and when a claim is asserted under Title VII of the Civil Rights Act of 1964, or any other federal antidiscrimination statute, Defendants will enjoy the right to remove the action to federal court pursuant to 42 U.S.C.A. §§ 1441, 1446(b)."). Nonetheless, the Complaint as currently pleaded simply does not vest this court with jurisdiction. The state court appropriately

10

may handle this action among several South Carolina citizens. That Plaintiff may subsequently raise federal-law-based claims does not confer jurisdiction today. Remand is proper.

III.   Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 7, be granted and this matter returned to the Court of Common Pleas for Richland County. If the matter is remanded, the state court may consider Defendants' pending Motion to Dismiss. In the event this matter is not remanded, a scheduling order that includes a deadline for Plaintiff to respond to Defendants' Motion to Dismiss will be provided.

IT IS SO RECOMMENDED.

July 8, 2016                                                                   Kaymani D. West
Florence, South Carolina                                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**