

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| ANTHONY A. COOPER, § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION 3:16-1606-MGL-TER |
| § | |
| RICHLAND COUNTY RECREATION § | |
| COMMISSION; and JAMES BROWN III, § | |
| DAVID STRINGER, and TARA DICKERSON, § | |
| in their individual capacities, § | |
|     Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING COOPER'S MOTION FOR SUMMARY JUDGMENT,
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises out of Plaintiff Anthony A. Cooper's employment with the Richland County Recreation Commission. Cooper brings the following causes of action in his amended complaint: race discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000(e), defamation, civil conspiracy, intentional infliction of emotional distress, and wrongful discharge in violation of public policy. The parties subsequently each filed motions for summary judgment.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Cooper's motion be denied, and Defendants' motion be granted in part and denied in part. Specifically, the Magistrate Judge recommends Defendants' motion be granted as to Cooper's civil conspiracy and wrongful discharge claims and denied as to

his causes of action for race discrimination, retaliation, defamation, and intentional infliction of emotional distress. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 30, 2018, Cooper filed his objections on August 13, 2018; and Defendants filed their reply to Cooper's objections on August 27, 2018. The Court has reviewed the objections, but holds them to be without merit. It will, therefore, enter judgment accordingly.

Cooper presents just two objections. First, he "objects to the Magistrate's determination that there is no issue of fact as to special damages for the civil conspiracy claim." The Court agrees with the Magistrate Judge. Objections 4.

"The elements of a civil conspiracy in South Carolina are (1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages." *Pye v. Estate of Fox*, 633 S.E.2d 505, 511 (2006). "A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citation omitted). Furthermore, "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Id*. (citation omitted).

2

The Magistrate Judge concluded Cooper failed to satisfy the "special damages" requirement and, thus, suggested that failure was fatal to Cooper's claim. In his objections, Cooper presented what he says are "emotional damages related to the civil conspiracy that are different than those for the other claims." Objections 5.

Cooper provides the following deposition exert in support of his argument:

> I've been--I've been seeing Dr. Cline for a number of years, just starting out general checkups, but as I started seeing alienation starting to occur in my employment at the Recreation Commission and getting stressed out about what I've been hearing about my future, I started building anxiety. I started getting the high blood pressures. I started seeing him. He started treating me for that. And I still get--I get periodic treatments now for that, and that's why I made mention earlier about the prescribed medications.

Objections 5. But, there is nothing to suggest these damages "go beyond the damages alleged in other causes of action." *Greywood*, 682 S.E.2d at 874 (citation omitted). Stated differently, there is nothing in the record establishing these "emotional damages" are limited to Cooper's civil conspiracy claim. Therefore, the Court will overrule this objection.

In Cooper's second objection, he "objects to the Magistrate's determination that [he] has abandoned his cause of action for wrongful discharge in violation of public policy." Objections 5. But he agrees, if the Court denies Defendants' motion for summary judgment as to the Title VII retaliation claim, he will stipulate to the dismissal of his wrongful discharge claim. Objections 6-7. Therefore, inasmuch as the Court is denying Defendants' motion for summary judgment as to Cooper's retaliation claim, it will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Cooper's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Cooper's motion for summary judgment is **DENIED**, and Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' motion is granted as to Cooper's civil conspiracy and wrongful discharge

claims and denied as to his causes of action for discrimination, retaliation, defamation, and intentional infliction of emotional distress.

**IT IS SO ORDERED**.

Signed this 5th day of September, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
